1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY WALKER,

      Plaintiff,

    v.

PAUL MIYAMOTO, et al.,

      Defendants.

Case No. 24-cv-04342 EJD (PR)

**ORDER OF SERVICE; DENYING MOTION FOR JOINDER; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a civil detainee at the San Francisco County Jail ("Jail"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at the Jail. Dkt. No. 1 at 3-4. After the Court denied his motion for a temporary restraining order, Plaintiff appealed the matter to the Ninth Circuit. Dkt. No. 8. On October 21, 2024, the Ninth Circuit dismissed the appeal for failure to prosecute. Dkt. No. 10. Accordingly, the Court shall proceed with an initial review of the complaint. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

### A.    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff is a civil detainee under California's Sexually Violent Predator Act ("SVPA"). Dkt. No. 1 at 7. Plaintiff claims that since his arrival at the Jail on October 27, 2021, after his latest probable cause hearing, his rights as an SVP under the Due Process Clause of the Fourteenth Amendment have been violated due to being confined in conditions that are punitive. Id. He claims that he has been subjected to excessive force, retaliation, treats to his life, assault by other inmates, denial of mental health housing, and deliberate indifference to serious medical needs. Id. at 9. Plaintiff seeks injunctive relief and damages, as well as joinder of all his pending lawsuits. Id. at 27.

Under the Due Process Clause of the Fourteenth Amendment, civilly committed persons retain substantive liberty interests, which include at least the right to basic necessities such as adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint. Youngberg v. Romero, 457 U.S. 307-315-16 (1982); id. at 321-322 ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions are designed to punish.") The Fourteenth Amendment requires that civilly committed persons not be subject to conditions that amount to punishment within the bounds of professional discretion. Hydrick v. Hunter, 599 F.3d 978, 997 (9th Cir. 2007). Moreover, due process requires that the conditions and duration of confinement for SVPs bear some reasonable relation to the purpose for which they are committed. Id. (quoting Seling v. Young, 531 U.S. 250, 265 (2001). While the nature of a SVP's confinement may factor in this balance of what is reasonable, it is clearly established that the substantive due process protections of the Fourteenth Amendment apply to SVPs. Id.

Liberally construed, Plaintiff's allegations that his conditions of confinement at the Jail violated his rights under the Fourteenth Amendment as a civil detainee state cognizable claims under section 1983.  Accordingly, the Court will order service of this action on the named defendants.

**C.    <u>Joinder</u>**

Plaintiff requests joinder of all his pending actions.  Dkt. No. 1 at 26.  He has two other actions pending before this Court: <u>Walker v. Wong, et al.</u>, ("Walker I") Case No. 24-02513 EJD (PR); and <u>Walker v. Adams, et al.</u>, ("Walker II") Case No. 24-03314.  <u>Walker I</u> involves an excessive force claim against Officer Wong, and a medical indifference claims against Dr. Main based on an incident that took place on March 29, 2024.  <u>Walker I</u>, Dkt. No. 10.  <u>Walker II</u> was dismissed with leave to amend because the original complaint involved claims based on events that took place at two different jails and involved two different sets of defendants; Plaintiff was directed to file an amended complaint that complied with the rules governing joinder of claims.  <u>Walker II</u>, Dkt. No. 16.

Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner."  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants).

The three pending cases before this Court involve different claims against different defendants.  As such, the right to relief asserted by Plaintiff does not arise out of or relate to the same transaction or occurrence or series of transactions or occurrences, and there is

United States District Court
Northern District of California

1  no question of law or fact common to all defendants.  Fed. R. Civ. P. 20(a)(2).  Joining the

2  three lawsuits would result is a "buckshot complaint" which would violate the rules

3  governing joinder.  Accordingly, the request to join the actions is DENIED.

**CONCLUSION**

4

5      For the reasons set forth above, the Court orders as follows:

6      1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for

7  Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

8  of the complaint and supplements thereto, (Dkt. No. 1), and all attachments thereto, and a

9  copy of this order upon Defendants Sheriff Paul Miyamoto, Deputy Sheriff Johnson, Chief

10  Adams, Captain Tilton, Lt. Clausal, Sgt. Callaway, Director Mary Doe, Dr. Lisa Pratt, Dr.

11  Main, Captain Collins, and Former Chief Kevin Paulson via the **Office of Chief Legal**

12  **Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett

13  Place, San Francisco, CA 94102, Attn. Mark Nicco).  The Clerk shall also mail a copy of

14  this order to Plaintiff.

15      2.    No later than **ninety-one (91) days** from the date this order is filed,

16  Defendants shall file a motion for summary judgment or other dispositive motion with

17  respect to the claims in the complaint found to be cognizable above.

18      a.    Any motion for summary judgment shall be supported by adequate

19  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

20  Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

21  qualified immunity found, if material facts are in dispute.  If any Defendant is of the

22  opinion that this case cannot be resolved by summary judgment, he shall so inform the

23  Court prior to the date the summary judgment motion is due.

24      b.    **In the event Defendants file a motion for summary judgment, the**

25  **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

26  **warnings under** Rand v. Rowland**, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See**

27  Woods v. Carey**, 684 F.3d 934, 940 (9th Cir. 2012).**

28

4

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4.      Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS SO ORDERED.**

**Dated:** November 18, 2024

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

6