UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY WALKER,

        Plaintiff,

    v.

PAUL MIYAMOTO, et al.,

        Defendants.

Case No. 24-cv-04342 EJD (PR)

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER; GRANTING MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION**

(Docket Nos. 63, 70, 71)

Plaintiff, a civil detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against numerous officers and medical personnel at the San Francisco County Jail where he is currently confined.  Dkt. No. 1.  On November 18, 2024, the Court screened the complaint, found it contained a cognizable claim under the Fourteenth Amendment for subjecting him to conditions that amount to punishment, and ordered the matter served on Defendants.  Dkt. No. at 13.  On March 9, 2026, the Court granted Plaintiff a final extension of time to file discovery responses and denied Defendants' motion for terminating sanctions without prejudice.  Dkt. No. 58.

On March 27, 2026, Plaintiff filed motion for preliminary injunction and temporary restraining order.  Dkt. No. 63.  The Court ordered briefing on the motion.  Dkt. No. 64.  Defendants filed opposition, Dkt. No. 65, and Plaintiff filed a reply, Dkt. No. 67.  Plaintiff recently filed an "imminent danger request implementation of the TRO/Preliminary injunction filed."  Dkt. No. 71.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"

Lopez v. Brewer, et al., 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  The standard for issuing a TRO is similar to that required for a preliminary injunction.  See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury.  Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2009).

According to the "proposed order" he submitted, Plaintiff seeks an injunction against the "denial of appropriate medical treatment" and "to provide medically appropriate course of dialysis, chest pain medical emergency treatment, physical therapy for recurring neck injuries, lower back, and left hip," "restore his full completion… of dialysis," and "decrease water fluid built up in limbs."  Dkt. No. 63 at 2.   He also wants Defendants to be ordered to remove a "discriminatory dialysis [and] behavioral management plan" and specific Defendants to be enjoined from treating him.  Id. Furthermore, Plaintiff wants "more access to gym time," "24/7 T.V." and "phone access" back in his room.  Id. at 3.  Plaintiff asserts that Defendants have intentionally interfered with his medical treatment which is deliberate indifference to his medical needs.  Id. at 9.

In opposition, Defendants assert that Plaintiff's motion does not relate to the pending claims in this matter.  Dkt. No. 65 at 3.  Defendants assert that the allegations in the operative complaint relate to the conditions of his confinement as a civil detainee, not an Eighth Amendment claim for deliberate indifference.  Id. at 4.  Defendants also assert that Plaintiff fails to establish likelihood of success on the merits because his motion does not meet the pleading standard for such a claim, having failed to explain how any

United States District Court
Northern District of California

2

Defendant consciously disregarded a risk that harmed him. Id., citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). Lastly, Defendants contend Plaintiff fails to establish any irreparable harm, and that his lone assertion that he is "threatened with irreparable harm" is insufficient. Id. at 5.

In reply, Plaintiff asserts that his due process claim includes the right to adequate medical treatment. Dkt. No. 67 at 2. He asserts that there is a nexus between the behavioral management plan and his claims. Id. at 4-5.

After a careful review of the papers, the Court finds Plaintiff has failed to establish that a preliminary injunction is warranted in this case. Although Defendants are correct that the complaint does not include an Eighth Amendment claim, it did include allegations regarding deliberate indifference to serious medical needs. Dkt. No. 13 at 2. The right to due process under the Fourteenth Amendment for civil detainees includes at least the right to basic necessities, including medical care. Id., citing Youngberg v. Romero, 457 U.S. 307-315-16 (1982). However, it is unclear whether the new allegations Plaintiff raises in this motion relate to the claims in the operative complaint which was filed nearly two years ago. But even if the claims are related, Plaintiff fails to establish likelihood of success on the merits.

At this stage of the proceedings, it does not appear that the Court will even reach the merits of any claim in this matter. Plaintiff ignores the fact that he has failed to provide discovery responses as ordered. Dkt. No. 48. He was granted a final extension of time to do so, i.e., no later than April 6, 2026. Dkt. No. 58 (directing Plaintiff to serve responses no later than twenty-eight days from the date the order was filed on March 9, 2026). Defendants were granted leave to file a renewed motion for sanctions in the event Plaintiff failed to comply. Id. at 2. Defendants filed a renewed motion for terminating sanctions on June 11, 2026, stating Plaintiff has not provided the Court-Ordered discovery responses, but simply a copy of the deficient responses with a crossed out and updated date of signature. Dkt. No. 69 at 2. Plaintiff's opposition to this motion is currently due by

3

United States District Court
Northern District of California

July 9, 2026.

Based on the foregoing, it cannot be said that Plaintiff has carried his burden of persuasion to merit this extraordinary remedy by a clear showing. Lopez, 680 F.3d at 1072. Accordingly, the Court, in its discretion, need not consider whether Plaintiff would suffer irreparable injury. Guzman, 552 F.3d at 948. Plaintiff's motion for a TRO/preliminary injunction is **DENIED**. Dkt. No. 63. His motion for implementation of his TRO/preliminary injunction is **DENIED** as moot. Dkt. No. 71.

Defendants' administrative motion for extension of time to file a dispositive motion is **GRANTED**. Dkt. No. 70. The motion shall be filed by December 11, 2026. Plaintiff's opposition to Defendants' dispositive motion shall be filed no later than twenty-eight (28) days from the date Defendants' motion is filed. Defendants shall file a reply fourteen (14) days after Plaintiff's opposition is filed.

This order terminates Docket Nos. 63, 70, 71.

**IT IS SO ORDERED.**

Dated: June 26, 2026

EDWARD J. DAVILA
United States District Judge

4